IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,755






EX PARTE MICHAEL LEE MYLES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10998-A IN THE 344TH DISTRICT COURT


FROM CHAMBERS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
more than 400 grams of cocaine with intent to deliver and sentenced to forty years' imprisonment. 
 Appeal was dismissed because notice was untimely. Myles v. State, No. 06-01-116-CR (Tex.App.
- Texarkana, delivered July 10, 2001, no pet.). 

 Applicant contends that his counsel rendered ineffective assistance because he failed to timely
file a notice of appeal. The trial court has determined that counsel failed to timely file a notice of
appeal because he construed the date the judgment was entered as the date of sentencing. We find,
therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment
of conviction in Cause No. 10998 from the 344th Judicial District Court of Chambers County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as
if the sentence had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written
notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: September 12, 2007

Do Not Publish